■ MICHELLE ORTIZ, Respondent, v PRESBYTERIAN HOSPITAL IN THE CITY OF NEW YORK et al., Appellants. [668 NYS2d 455] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered February 6, 1997, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The IAS Court properly denied summary judgment since the affidavits and testimony of the various medical experts demonstrate that, at the very least, a triable issue of fact exists as to whether the DPT injections were contraindicated, and as to whether such injections proximately caused plaintiff's brain damage and mental retardation (*see, Farkas v Saary*, 191 AD2d 178). Concur—Ellerin, J. P., Nardelli, Mazzarelli and Andrias, JJ.

■ MICHAEL P. FARRELL, Appellant, v ANDREW P. MANTOVANI et al., Respondents. [668 NYS2d 460] —Order, Supreme Court, Bronx County (George Friedman, J.), entered on or about December 2, 1996, which granted defendant's motion to set aside the verdict to the extent of directing a new trial on the issue of damages unless plaintiff stipulated to reduce the damages awarded for past pain and suffering from $1 million to $250,000, for future pain and suffering from $980,000 to $500,000, and for future lost earnings from $625,000 to $300,000, unanimously modified, on the facts, to reinstate the jury verdict as to future pain and suffering, and to direct a new trial on the issue of damages for past pain and suffering and future lost earnings unless plaintiff, within 30 days of the date of this order, stipulates to reduced awards of $750,000 for past pain and suffering and $500,000 for future lost earnings, and otherwise affirmed, without costs.

In the circumstances, we find that the trial court should not have disturbed the jury verdict as to future pain and suffering and that its reductions for past pain and suffering and future lost earnings are more substantial than warranted by the record, and modify accordingly. Concur—Ellerin, J. P., Nardelli, Mazzarelli and Andrias, JJ.